**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kai Wu and<br>Ruojin Wu,<br><br>Plaintiffs,<br><br>– against –<br><br>Kristi Noem, Secretary of the U.S. Department of Homeland Security;<br>Joseph B. Edlow, Director of the U.S. Citizenship and Immigration Services;<br>Alissa Emmel, Director of the USCIS Immigrant Investor Program Office; and<br>Kash Patel, Director of the Federal Bureau of Investigation,<br><br>Defendants. | **COMPLAINT**<br>**FOR AN**<br>**ACTION OF MANDAMUS**<br><br>Case Number:<br>**26-cv-1691**<br><br>Administrative File No.:<br><br>WAC1818950318<br>(A065083569)<br><br>WAC1818950321<br>(A065083571) |

## COMPLAINT FOR AN ACTION OF MANDAMUS

1. This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 551 et seq., and the Mandamus Act, 28 U.S.C. Sec. 1361 et seq., for declaratory and mandamus relief, specifically for an order to compel an officer or employee of the United States to perform a duty owed to Plaintiffs.

**PARTIES**

2. Plaintiff Kai Wu ("Principal Plaintiff") is a national of China and a lawful permanent resident of the United States. Principal Plaintiff initially obtained conditional permanent resident status by making a qualified investment of $500,000 in the United States pursuant to the EB-5 Immigrant Investor Program, 8 U.S.C. § 1153(b)(5) ("EB-5 Program"). In 2018, he submitted to the U.S. Citizenship and Immigration Services ("USCIS") a Form I-829, Petition by Entrepreneur to Remove Conditions ("Petition"), which was approved in 2020.

3. Plaintiff Ruojin Wu ("Derivative Plaintiff") is also a national of China and is the daughter of Plaintiff Kai Wu. Derivative Plaintiff obtained conditional permanent resident status as a derivative child of Principal Plaintiff and was subsequently included in the Petition.

4. Defendant Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), the federal executive department that oversees USCIS. As such, he is charged with the administration of USCIS, and executing the pertinent immigration laws and regulations of the United States.

5. Defendant Joseph B. Edlow is sued in his official capacity as Director of USCIS. As such, she is charged with the duty of overseeing the various districts and service centers of USCIS, and executing the pertinent immigration laws and regulations of the United States.

6. Defendant Alissa Emmel is sued in her official capacity as Director of the USCIS Immigrant Investor Program Office ("IPO"). As such, she is charged with the duty of the administration of all the functions, powers, and duties of USCIS within the jurisdiction of the IPO.
7. Defendant Kash Patel is sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"). The FBI is responsible for completing various security checks of applicants for immigration benefits on behalf of USCIS.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 551 et. seq.; the Mandamus Act, 28 U.S.C. Sec. 1361 et seq., and 28 U.S.C. 1331 et seq.
9. Venue is proper as Plaintiffs reside in Nassau County, New York, which is within the territorial jurisdiction of this Court.

## CLAIM FOR REFIEF

### A. The Petition filed with USCIS

10. In May 2018, Principal Plaintiff filed the Petition (Receipt No. WAC1818950318) with USCIS to petition for removal of conditions on his permanent resident status under the EB-5 Program. The Petition is within the jurisdiction of the IPO.
11. Derivative Plaintiff was included in the Petition and was issued her own receipt number (Receipt No. WAC1818950321). Her receipt notice is annexed hereto in Exhibit A.
12. After the Applications were filed, Plaintiffs received appointment notice from USCIS, requiring biometric capturing. Derivative Plaintiff also appeared at the appointment and participated in the biometrics capturing. Her USCIS appointment notice with a stamp indicating compliance is annexed hereto in Exhibit B.

13. The Petition, as relating to Principal Plaintiff, was approved in or around early September 2020. A printout of the USCIS online case status is annexed hereto as Exhibit C, and indicates the delivery of the new permanent resident card for Principal Plaintiff.

14. However, the Petition was *not* approved as to the Derivative Plaintiff, and she has not yet received her unconditional permanent resident card to this day.

15. In or around October 2020, Principal Plaintiff submitted an inquiry to USCIS about the status of Derivative Plaintiff's removal of conditions. USCIS responded: "The resident card for the dependent was not produced because the biometric is missing. A biometric appointment will be mailed shortly." A copy of this correspondence is annexed here to as Exhibit D.

16. Notwithstanding the fact that Derivative Plaintiff had already previously attended a biometrics appointment in 2018, she received a new one shortly thereafter and attended a biometrics appointment for a second time in November 2020. Her second USCIS appointment notice with a stamp indicating compliance is annexed hereto in Exhibit E.

17. Subsequently – after having attended *two* biometric appointments, Derivative Plaintiff has heard nothing further of substance from USCIS.

18. Almost 5 years later – on October 11, 2025, Plaintiffs submitted a new inquiry to IPO through counsel regarding the status of removal of conditions for Derivative Plaintiff. On November 14, 2025, IPO replied that "Your request was forwarded to the supervisor for review and processing." A copy of this IPO inquiry and response is annexed hereto in Exhibit F.

19. Approximately 2 months later - on January 8, 2026, Plaintiffs' counsel sent another correspondence to follow up on the same matter. More than another 2 months later - as of the date of this complaint, IPO has not responded. A copy of this IPO inquiry and response is annexed hereto in Exhibit G.

## B. Current Status of the Petition

20. As of the date of this complaint, the online case status on the USCIS website indicates that the Derivative Plaintiff's removal of conditions is still being processed by USCIS – despite also admitting that "fingerprints . . . have been applied to your case." The USCIS online case status is annexed hereto in Exhibit H.

21. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

22. According to the USCIS website, the normal timeframe prescribed by USCIS for adjudication of a Form I-829 is approximately 20 months. The information from the USCIS website regarding the applicable processing is annexed hereto in Exhibit I.

23. As of the date of this Complaint, the Petition, as relating to Principal Plaintiff, was approved in 2020, indicating that all underlying criteria under the EB-5 Program has been satisfied. Nonetheless, the same Petition, as relating to Derivative Plaintiff, still remains pending. It has been pending for nearly 8 years since initially being filed in May 2018 and approximately 5.5 years since Derivative Plaintiff attended a *second* biometrics appointment in November 2020. That amount of time is close to 5 times longer than the typical time stated by USCIS for a Form I-829, and more than 15 times longer than the intent of Congress for adjudication of an immigration benefit.

24. The delay is further inexplicable in light of the fact that the alleged inability to approve Derivative Plaintiff in 2020 was due to a simple biometrics appointment – which she has since redone more than 5 years ago.

25. Thus, it is clear and indisputable that Defendants have failed to act on the Derivative Plaintiff's case for an unreasonable amount of time that is far from normal or typical processing times, as well as far longer than intended by Congress.

**C. Exhaustion and Injury**

26. There are no meaningful administrative remedies available to Plaintiffs. Inquiries to the IPO have yielded only a boilerplate responses and refusal to provide any material case status details, reasons for delay, or anticipated timeframe for processing. Hence this complaint.

27. Derivative Plaintiff has provided USCIS with all applicable forms, filing fees, and documentation establishing eligibility for the requested immigration status. Thus, Defendants have sufficient information to adjudicate the pending submission. Hence this complaint.

28. Plaintiffs submit that Defendants must be ordered to process the Petition for Derivative Plaintiff within a reasonable and customary time and according to the law and facts.

29. Under INA § 216 [8 U.S.C. § 1186b], Derivative Plaintiff has the right of having the Petition fully processed and adjudicated. Defendants are duty bound under the law to process the submissions. However, Defendants have continuously not responded to such requests and have been reluctant to adjudicate the submission in contravention to the aforementioned regulation and statute, as well as per their own published processing times. Hence this complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court will:

a. Issue an order compelling Defendants to perform their duty to process and adjudicate the Petition for Derivative Plaintiff and produce a permanent resident card;

b. Issue an order awarding attorney's fees and costs to Plaintiffs; and

c. Grant any other and further relief that this Honorable Court deems just and proper.

Dated: March 20, 2026
New York, New York

/s/ Yevgeny Samokhleb
Yevgeny Samokhleb, Esq.
299 Broadway, Suite 1005
New York, NY 10007
Tel: (212) 219-2297
Fax: (212) 966-6683